UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHTON SMITH,

                    Plaintiff,

v.

VERONICA HRYWNAK,

                    Defendant.

_____/

Civil Action No. 25-12655

Brandy R. McMillion
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S "MOTION FOR EMERGENCY INJUNCTION AND JUDICIAL NOTICE" (ECF No. 16)**

**Background**

On August 25, 2025, *pro se* plaintiff Ashton Smith ("Smith"), an incarcerated person, filed a complaint against defendant "V. Hryneck" pursuant to 42 U.S.C. § 1983. (ECF No. 1).  On November 18, 2025, Smith filed an amended complaint, indicating that the defendant's correct name is Veronica Hrywnak ("Hrywnak"), and pleading an Eighth Amendment deliberate indifference claim against her.[1]  (ECF No. 10).

This case concerns a period of a few months' time, between roughly late September 2024 and January 2025, when Smith was housed at the St. Louis Correctional Facility ("SLF").[2]  Smith alleges that he has a serious eye condition that requires a specialized contact lens called a scleral lens, as well as specific cleaning and application solutions.

---

[1] An Order of Reference was entered on December 1, 2025, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b).  (ECF No. 12).

[2] Presently, Smith is housed at the Macomb Correctional Facility ("MRF").

(*Id.*).   During the time period at issue, Smith alleges that defendant Hrywnak, an optometrist, wrongfully deprived him of single-use vials of a particular cleaning solution ("AddiPaks") he required to wear his scleral lens effectively.  (*Id.*).

Now before the Court is Smith's Motion for Emergency Injunction and Judicial Notice, which was filed on February 24, 2026.  (ECF No. 16).  In that motion, Smith reiterates that he wears a scleral lens, which requires "certain solutions in order to safely wear" – specifically, Boston Simplus (a multi-action cleaner), PuriLens Plus (a rinsing solution), and ScleralFil (a saline application solution).  (*Id.*, PageID.82-83).  Smith asserts that ScleralFil vials have been ordered for him at a quantity of three per day (or 21 vials per week) because they should be discarded (and not reused) after opening in order to prevent contamination.  (*Id.*, PageID.83).  However, Smith alleges that, for the four weeks preceding the filing of the instant motion, three MRF employees – Dr. Mary Coughlin-Shores, Health Unit Manager ("HUM") Erin Parr-Mirza, and RN Kyle Finch – "failed and refused to renew the order and/or procure the orders for ScleralFil and PuriLens Plus." (*Id.*, PageID.83-84).  Rather, Smith alleges that Dr. Coughlin-Shores has apparently provided him with fewer ScleralFil vials than have been ordered and has instead provided a "50 count box of Slusher Care NaCl," which Smith claims is not FDA-approved for scleral lenses.  (*Id.*).[3]  According to Smith, when he attempted to use the Shusher Care vials, he experienced "a hot shocking sensation followed by inflamed red painfull (sic) eyes."  (ECF

---

[3] Smith refers to the product in question as "Slusher Care" solution, but it appears that its correct name is "Shusher Care."   *See*  https://mms.mckesson.com/product/1261172/pNeo-LLC-SH-NACL-50 (last visited March 16, 2026).

No. 16, PageID.85).  Thus, Smith asks the Court to order Dr. Coughlin-Shores, HUM Parr-Mirza, and RN Finch, none of whom are defendants to this action, "to immediately procure PuriLens ScleralFil and Clear Care Solutions."  (*Id.*, PageID.87).

On March 10, 2026, the Court held a hearing by Zoom on Smith's Motion for Emergency Injunction and Judicial Notice.  Although no MDOC employees have been named as defendants in this case, because Smith is in MDOC custody, and because the individuals he is seeking to enjoin are MDOC employees, the Court requested MDOC counsel to participate in the hearing, and attorney Sarah Rose Robbins from the Michigan Attorney General's Office appeared.

For the reasons explained below, Smith failed to establish his entitlement to the emergency injunctive relief he seeks, and his motion should be denied.

## **Legal Standards**

Because Smith's instant motion seeks injunctive relief in the form of an order compelling three MDOC employees to procure specific scleral lens solutions, the Court will construe it as a motion for preliminary injunction.  Preliminary injunctions "are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held." *Koetje v. Norton*, No. 13-12739, 2013 WL 8475802, at *2 (E.D. Mich. Oct. 23, 2013).  Whether to grant such relief is a matter within the district court's discretion. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).  The factors the Court must consider in determining whether to grant the requested injunction are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable

3

harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

Moreover, where, as here, an inmate seeks an order enjoining prison officials, the Court must proceed with the utmost care and be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *see also McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.' To respect these imperatives, courts must exercise restraint in supervising the minutiae of prison life." (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (internal citations omitted))). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995) (internal quotations omitted).

**Analysis**

Examining Smith's instant motion against these standards, he has failed to show that he is entitled to a Court order compelling the relief he seeks. Smith does appear to have adequately demonstrated that the single-use ScleralFil vials are supplies he medically needs, and not just ones he "prefers." *Cf. DeFreeze v. Zuberi*, 39 F. App'x 137, 139 (6th Cir. 2002) (holding that a mere "difference of opinion" about medical treatment provided by a prison does not rise to the level of a constitutional violation). Indeed, Smith claims

4

he has a prescription for 21 ScleralFil vials per week, but he simply is not being provided with the proper amount of vials.  Moreover, Smith maintains that he is not receiving PuriLens, which he claims is also prescribed.  Both in his motion and during the hearing, Smith articulately explained his need for these solutions and why other alternatives, or fewer vials, are inadequate.  However, while it has been challenging, Smith indicated at the hearing that he has been managing by using less solution each day[4], and he did not indicate that he has been unable to use his lens due to the decreased volume of solution he has been provided.  Thus, while the merits of Smith's request to receive these prescribed solutions appear to generally favor him, the issue has not left him unable to see on a day-to-day basis.

Smith's motion also fails when considering the remaining factors and circumstances.  Smith filed the instant lawsuit against Hrywnak, arising out of events that occurred at SLF between late 2024 and early 2025, yet he now asks the Court to enter an order compelling three completely unrelated people, currently employed at an entirely different facility, by a different employer, to procure PuriLens, ScleralFil, and Clear Care Solutions for him.  (ECF No. 16).  Pursuant to Fed. R. Civ. P. 65(d)(2), the following persons are bound by an injunction upon actual notice by personal or other service: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in [subsections] (A) or (B).  Here, where Dr. Coughlin-Shores, HUM Parr-Mirza, and RN Finch are not

---

[4] Smith also indicated in his motion that he has been using already-opened ScleralFil bottles even though they "should be discarded" after each use.  (ECF No. 16, PageID.94).

5

parties to the instant lawsuit, agents of defendant Hrywnak, or in active concert with her, it simply is not appropriate for this Court to issue a preliminary injunction ordering them to provide the relief Smith seeks.  *See* Fed. R. Civ. P. 65(d)(2).

Moreover, Smith has not established that he presently faces irreparable harm.  At the March 10, 2026 hearing, counsel for the MDOC indicated that MRF and its "approved" vendors do not presently have a sufficient number of PuriLens vials in stock, but she agreed to contact MRF to inquire about different possibilities for procuring the solutions on an expedited basis.  Thus, where Smith has received ScleralFil vials as recently as February 21, 2026, the MDOC is actively seeking to obtain additional quantities of both ScleralFil and PuriLens, and, while challenging, Smith, has been able to make do with the decreased solution quantities provided to him, he has not shown he will suffer irreparable harm absent the injunctive relief he requests.

The final two factors also weigh in favor of denying Smith's motion.  In light of the circumstances discussed above, issuing the requested preliminary injunctive relief would result in harm to the MDOC and not serve the public interest because granting such relief would violate the principle that the Court should exercise restraint before involving itself in the administration of prison life.  *See Kendrick*, 740 F.2d at 438 n. 3; *McKune*, 536 U.S. at 37.

For all of these reasons, Smith's motion for emergency injunctive relief fails and should be denied.

**Conclusion**

For all of the foregoing reasons, **IT IS RECOMMENDED** that Smith's Motion for

Emergency Injunction and Judicial Notice **(ECF No. 16)** be **DENIED**.

Dated: March 16, 2026                      s/David R. Grand
Ann Arbor, Michigan                      DAVID R. GRAND
                                          United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March

16, 2026.

                  s/Eddrey O. Butts

                  EDDREY O. BUTTS

                  Case Manager